UNITED DISCTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

RICHARD CUFFARO, on behalf of himself
and all others similarly situated,

                                Plaintiff,

       -against-

ROMAN VCHERASHANSKY, ALEX LERNER, STEVEN
UNGER, DEPENDABLE AMBULETTE, INC., ALL-POINTS
AMBULETTE, INC. and GEORGE TOWN MANAGEMENT,
INC.

                          Defendants.

-------------------------------------------------------------------------------X

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Civ. Action No.  18-cv-2987

**<u>Jury Trial Demanded</u>**

## COLLECTIVE ACTION COMPLAINT

Plaintiff Richard Cuffaro, on behalf of himself and all others similarly situated, by and through his attorneys the Marlborough Law Firm, P.C. alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## <u>INTRODUCTION</u>

**1.**      Plaintiff brings this lawsuit a collective action on behalf of himself and other similarly situated employees, alleging Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq*.

**2.**      Plaintiff also brings this action as a prospective class action under New York State Law provisions for unpaid overtime pursuant to NYLL §§ 650, *et seq*. and for violations of the wage statement and notification of pay rate provisions of the Wage Theft Prevention Act, NYLL §§ 195(a)(1), (3).

CLASS AND COLLECTIVE ACTION COMPLAINT                            P a g e | **1**

3.      Defendants engaged in a scheme to violate worker protection laws by requiring Plaintiff and other similarly situated workers to work overtime hours without paying time and a half for overtime.  Moreover, Defendants maintained a policy and practice of shaving overtime hours from Plaintiff's and other workers' time records.  Defendants attempted to cover up their unlawful conduct by issuing fraudulent wage statements which did not indicate the overtime hours worked or all wages paid to Plaintiff and similarly situated workers.  Moreover, Defendants failed to issue to Plaintiff and other similarly situated workers notifications of pay rate pursuant to the Wage Theft Prevention Act, NYLL § 195(1).

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action because Defendants are domiciled in the State of New York.

5.      Venue in this Court is proper.  Plaintiff and a substantial portion of the class regularly performed work for Defendants in this District.


## PARTIES

6.      Plaintiff Richard Cuffaro is a resident of Valley Stream, New York.  He was an hourly employee of Defendants, for whom he worked as a non-exempt driver, router and dispatcher.

7.      Defendant Dependable Ambulette, Inc. ("Dependable") is a New York corporation with its principal place of business at 2 Horton Avenue, Valley Stream, New York.  Dependable is engaged in the business of operating a para transportation service for persons with disabilities.

8.      Defendant George Town Management, Inc. ("George Town") is a New York

CLASS AND COLLECTIVE ACTION COMPLAINT                                    P a g e | 2

corporation with its principal place of business at 919 E. 107th Street, Brooklyn, New York 11236.  George Town is engaged in the business of operating a para transportation service for persons with disabilities.

9.      Defendant All-Points Ambulette, Inc. ("All-Points," collectively, with George Town and Dependable, the "Entity Defendants") is a New York corporation with its principal place of business at 2 Horton Avenue, Valley Stream, New York.  All-Points is engaged in the business of operating a para transportation service for persons with disabilities.

10.     Defendant Roman Vcherashansky is an owner, executive and manager of the Entity Defendants and is ultimately responsible for setting employee pay rates and their hiring, firing and management. Among other roles with the Entity Defendants, Defendant Vcherashansky is a shareholder and President of Dependable.

11.     Defendant Vcherashansky is in active control and management of the Entity Defendants, regulates the employment of persons employed by the Entity Defendants, acts directly and indirectly in the interest of the Entity Defendants in relation to their employees, and is thus an employer of Plaintiff, the class and the collective under the Fair Labor Standards Act and the New York Labor Law.

12.     Defendant Alex Lerner is an owner, executive and manager of the Entity Defendants and is ultimately responsible for setting employee pay rates and their hiring, firing and management.  Among other roles with the Entity Defendants, Defendant Lerner is Chief Executive Officer of All-Points.

13.     Defendant Lerner is in active control and management of the Entity Defendants, regulates the employment of persons employed by the Entity Defendants, acts directly and

CLASS AND COLLECTIVE ACTION COMPLAINT                                    P a g e | **3**

indirectly in the interest of the Entity Defendants in relation to their employees, and is thus an employer of Plaintiff, the class and the collective under the Fair Labor Standards Act and the New York Labor Law.

14.     Defendant Steven Unger (collectively with Defendants Vcherashansky and Lerner, the "Individual Defendants") is an owner, executive and manager of the Entity Defendants and is ultimately responsible for setting employee pay rates and their hiring, firing and management.  Among other roles with the Entity Defendants, Defendant Unger is Chairman of All-Points and President and Chief Executive Officer of George Town.

15.     Defendant Unger is in active control and management of the Entity Defendants, regulates the employment of persons employed by the Entity Defendants, acts directly and indirectly in the interest of the Entity Defendants in relation to their employees, and is thus an employer of Plaintiff, the class and the collective under the Fair Labor Standards Act and the New York Labor Law.

16.     Each of the Defendants was a joint employer of Plaintiff and other similarly situated employees.

17.     The Individual Defendants operated the Entity Defendants in furtherance of a single enterprise, the "Para Transportation Enterprise"

18.     On March 29, 2018, each of the Defendants was served with a notice of potential liability and demand for a list of the ten largest shareholders of each of the Entity Defendants pursuant to New York Business Corporations Law § 630 concerning liability for shareholders for wages due to laborers, servants or employees.

19.     To date, Defendants have not produced a shareholder list in response to Plaintiff's

demand.

20.     The Individual Defendants are liable to Plaintiff and other similarly situated workers for the wage claims asserted herein as the ten largest shareholders of Entity Defendants. Plaintiff reserves his right to name as Defendants additional shareholders once they are identified.

## FACTS

21.     The Individual Defendants operate the Para Transportation Enterprise and employ numerous hourly drivers, dispatchers and routers.

22.     Defendants employed Plaintiff from on or about February 2012 until February 24, 2018 and for several years prior to the start of the class period.

23.     Plaintiff worked for Defendants as a driver, router and dispatcher.

24.     Plaintiff was required to work in excess of eighty hours during most weeks of his employment and always worked more than forty hours per week, except when he was on vacation.

25.     Defendants' other drivers, routers and dispatchers regularly worked more than forty hours in a workweek.

26.     Plaintiff and other similarly situated employees received no overtime premium pay when working more than forty hours per week.

27.     Moreover, Defendants failed to pay Plaintiff and other similarly situated workers any wages for many overtime hours worked.  For example, Defendant Lerner occasionally shaved up to seven hours a week from Plaintiff's time records without explanation.

28.     Numerous other workers were subject to the same time shaving practices.

**29.**     Plaintiff and other similarly situated employees were not furnished with wage statements required by New York's Wage Theft Prevention Act, NYLL § 195(3).

**30.**     Plaintiff and other similarly situated employees were paid, partially by check and partially in cash off the books.

**31.**     Plaintiff and other similarly situated employees were issued fraudulent wage statements.  The wage statement indicated only that portion of their wages paid by check and omitted the cash wages paid.  The wage statements also contained false information concerning the number of hours worked by Plaintiff and other similarly situated workers, making it appear as though no overtime wages were due.

**32.**     Defendants maintain evidence of the actual hours worked by Plaintiffs and other similarly situated worker, including worker time sheets and GPS tracking information.

**33.**     Plaintiff and other similarly situated employees did not receive a notification of pay rate indicating their regular and overtime rates of pay, and other information required by New York's Wage Theft Prevention Act, NYLL § 195(1)(a) at the time of their hire or on an annual basis thereafter.

**COLLECTIVE ACTION ALLEGATIONS**

**34.**     Plaintiff brings claims under the FLSA as an "opt-in" collective action on behalf of similarly situated employees of Defendants pursuant to 20 U.S.C. 216(b).  The "Collective" is defined as follows:

> All current and former drivers, dispatchers and routers who will, are, or have worked for Defendants within three years from the commencement of this action and who have not been paid one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

35.      Plaintiff on behalf of himself and the Collective, seeks relief on a collective basis challenging Defendants' failure to pay them for overtime premium pay for all overtime hours worked.

36.      The total number of Collective members is unknown at this time but is not less than fifty (50).

37.      The identities of the Collective members may be determined from the records of Defendants, and the Collective members may easily and quickly be notified of the pendency of this action.

38.      Plaintiff is similarly situated to other members of the Collective because he and the Collective have been unlawfully denied payment of overtime premium pay due to them.

39.      Plaintiff's experience is typical of the experiences of the other Collective members.

40.      Defendants' failure to pay overtime wages at the rates required by the FLSA results from generally applicable policies and practices, namely Defendants' policy of not paying overtime pay to their employees.  This policy and practice does not depend on the personal circumstances of any individual members of the Collective.

## CLASS ACTION ALLEGATIONS

41.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings his state law claims on behalf of himself and as a representative of a class of all other drivers, routers and dispatchers who worked in excess of forty hours in a given workweek between six years prior to the filing of the Complaint and the date of final judgment in this action (hereafter, the "Class").

CLASS AND COLLECTIVE ACTION COMPLAINT                                          P a g e | **7**

**42.** The class is so numerous as to make it impracticable to join all members of the class as plaintiffs. Upon information and belief, the Class is comprised of no less than eighty (80) similarly situated workers.

**43.** There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the overtime and Wage Theft Prevention Act wage statement and notification of pay rate requirements of the New York Labor Law.

**44.** Common questions of law and fact include, but are not limited to, the following:

a) Whether Defendants consistently failed to pay class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

b) Whether Defendants maintained a practice and/or policy of shaving time from employee time records;

c) Whether Defendants can prove that they had a good faith basis for believing that their failure to pay overtime wages was in compliance with the law;

d) Whether Defendants failed to provide Wage Theft Prevention Act notifications of pay rate to their employees as required by New York Law;

e) Whether Defendants failed to furnish non-fraudulent wage statements in compliance with the Wage Theft Prevention Act;

f)  Whether Defendants were joint employers of the class; and

g)  Whether Defendants operated the Entity Defendants in furtherance of a

single enterprise.

45.    Plaintiff's overtime and Wage Theft Prevention Act claims and Defendants'
anticipated affirmative defenses thereto are typical of the claims of all class members and of
Defendants' anticipated affirmative defenses thereto.

46.    Plaintiff will fairly and adequately protect the interests of all class members in the
prosecution of this action and in the administration of all matters relating to the claims of the
class. Plaintiff is similarly situated to, and has suffered similar injuries as, the members of the
class he seeks to represent.

47.    Plaintiff has retained counsel capable of handling class action lawsuits. Neither
Plaintiff nor his counsel has an interest which is in conflict with the class or which might cause
them not to vigorously pursue this action.

48.    Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because
questions of law or fact common to members of the class predominate over any questions
affecting only individual members and because a class action is superior to other available
methods for the fair and efficient adjudication of the controversy.

## FIRST CLAIM
## (FLSA - OVERTIME)

49.    Plaintiff brings this claim on behalf of himself and the Collective.

50.    Defendants are engaged in interstate commerce as the Para Transportation
Enterprise receives goods which have moved in interstate commerce and receives more than

$500,000 in annual revenue.

51.    Defendants have failed to pay Plaintiff and members of the Collective Class for all hours worked in excess of forty hours in a workweek, in violation of the FLSA.

52.    Such violation was part of Defendants' regular business practice and constituted a pattern, practice, and/or policy.

53.    Defendants' conduct was willful, intentional, and/or not in good faith as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by furnishing fraudulent wage statements and failing to furnish any notifications of pay rate.

## SECOND CLAIM
## (NYLL - Overtime)

54.    Plaintiff brings this claim on behalf of himself and the Class.

55.    Defendants have failed to pay Plaintiff for all hours worked in excess of forty hours in a workweek in violation of the NYLL.

56.    Defendants' conduct was not in good faith as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by furnishing fraudulent wage statements and failing to furnish any notifications of pay rate.

## THIRD CAUSE OF ACTION
## (NYLL – Wage Theft Prevention Act)

57.    Plaintiff brings this claim on behalf of himself and the Class.

58.    Defendants failed to furnish Plaintiff and the class with notifications of pay rate in the form and at the times directed by the Wage Theft Prevention Act, NYLL § 195(1)(a).

59.    Defendants failed to furnish Plaintiff and the class with non-fraudulent wage

statements indicating the amount of hours actually worked or wages actually paid, during the course of their employment as required by the Wage Theft Prevention Act, NYLL § 195(3).

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully request that this Court issue Orders:

A.    conditionally certifying the action as a Collective Action and authorizing the form and method of notice to be issued to the members of the Collective;

B.    certifying the action as a class action, authorizing the form and method of notice to be issued to the members of the class, appointing Plaintiff as a class representative, appointing his chosen counsel as class counsel, and ordering Defendants to produce contact information for all members of the Class.

C.    issuing a judgment for Plaintiff and other similarly situated workers for all statutory, compensatory, consequential and liquidated damages or any other damages authorized by law or equity sustained because of Defendants' unlawful conduct for which Defendants are jointly and severally liable, as well as pre-judgment and post-judgment interest;

D.    awarding Plaintiff, his counsel and members of the Collective and the Class their reasonable attorneys' fees, costs and expenses incurred in this litigation.

E.    enjoining Defendants from continuing the conduct alleged herein; and

F.    all other relief which the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff seeks a trial by jury of all issues so triable in this action.

Dated: Melville, New York                        **THE MARLBOROUGH LAW FIRM, P.C.**
    April 4, 2018

_____
Christopher Marlborough
445 Broad Hollow Road, Suite 400
Melville, New York 11563
T: (212) 991-8960
F: (212) 991-8952
chris@marlboroughlawfirm.com